UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**EAD BALORCK**                                                                                                          **PLAINTIFF**

**v.**                                                                                    **CIVIL ACTION NO. 4:05CV-P38-M**

**JACK REED** *et al.*                                                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

  Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against three corrections employees at the Green River Correctional Complex ("GRCC") alleging a denial of medical treatment. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Fourteenth Amendment claim and the official capacity claims will be dismissed, but the Eighth Amendment, individual capacity claims will proceed.

**I. SUMMARY OF FACTS AND CLAIMS**

  Seeking compensatory and punitive damages, Plaintiff brings this action against GRCC Nurse Jane Doe, Officer John Doe, and Officer Jack Reed, suing each Defendant in his or her individual and official capacities. He claims that at approximately 2:00 p.m. on March 18, 2004, he was having "serious chest and arm pain and just barely made it to the GRCC Medical Department." He reports informing Nurse Jane Doe that he had suffered a stroke. Nurse Doe told Plaintiff that he would have to sign up for medical and could not just walk in off the

walkway. According to Plaintiff, "Jane Doe ordered me to leave the medical department and such orders were followed by John Do[e] and Jack Reed as they ordered me out of the medical department." As Plaintiff was walking back to his dorm, he slumped over and fell to his knees. Another nurse saw him and helped him back to the medical department. Plaintiff was then "escorted to the hospital and thereafter transported [to] Louisville Hospital for hart problems." He was hospitalized for about five days, transferred to Kentucky State Reformatory for about one month, and then returned to GRCC, where "they will not allow [him] to file a grievance because the time has lapsed." Based on the foregoing allegations, Plaintiff alleges a due process violation under the Fourteenth Amendment and deliberate indifference to a serious medical need under the Eighth Amendment.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon

which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Section 1983 creates no substantive rights.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).  Rather, the statute "merely provides remedies for deprivations of rights established elsewhere."  *Id.*  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

### A.  Official Capacity Claims

The Court will dismiss the official capacity claims for damages on two bases.  First, none of the Defendants are "persons" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).  Second, Defendants, as state officials sued in their official capacities for damages, are further entitled to Eleventh Amendment immunity.[1]  *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Consequently, the § 1983 official capacity claims for damages against the three state Defendants must be dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment.

---

[1] Under the Eleventh Amendment to the United States Constitution, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

### B. Individual Capacity Claims

### 1. Fourteenth Amendment

The crux of Plaintiff's complaint is that Defendants were deliberately indifferent to serious medical needs.[2] This is an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment") (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Because Plaintiff has clearly described an Eighth Amendment claim, Plaintiff's hollow, nondescript allegation that Defendants' actions were committed "without due process of law" is insufficient to state a § 1983 claim. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law."). Allegations premised upon a mere conclusion or opinion, such as the due process allegation advanced by Plaintiff, simply fails to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim). And any Fourteenth Amendment substantive due process claim that Plaintiff may be attempting to raise is effectively absorbed by the Eighth Amendment, as the Eighth Amendment provides the specific textual source governing

---

[2]*See* DN 1, Compl., p. 3 ("On March 18, 2004, at the [GRCC], . . . the above named defendants committed deliberate indiffecence to me by denying me medical treatment for serious medical needs.); *id.* at pp. 3-4 ("Plaintiff states that he was denied medical treatment for serious medical needs and the Defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eight[h] and Fourteenth Amendments to the United States Constitution.").

the claims of deliberate indifference. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

The Fourteenth Amendment due process claim must therefore be dismissed for failure to state a claim upon which relief may be granted.

## 2. **Eighth Amendment**

On preliminary review, the Court concludes that the Eighth Amendment, individual capacity claims against Defendants Jane and John Doe[3] and Jack Reed shall proceed. In so concluding, the Court passes no judgment on the ultimate merits and outcome of the action.

By separate Order, the Court will dismiss the official capacity claims and will set scheduling deadlines to govern the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005

---

[3]The Court notes that as soon as practicable and by utilizing the methods of discovery contained in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26-37, 45, Plaintiff must identify the Jane and John Doe Defendants. Upon identification of those Defendants, Plaintiff must seek leave to amend the complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure. The Court is compelled to advise that this information is offered only as procedural guidance to the *pro se* litigant and is in no way a statement as to the viability of any such amendment. Should Plaintiff seek leave to amend in the future, the Court will consider the parties' arguments and issue a decision in light of applicable law.