UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

EAD BALORCK                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:05-CV-P38-M

JACK REECE et al.                                                          DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant, Jack Reece, has filed a motion for summary judgment.  Plaintiff has

responded, and this matter is now ripe for adjudication.  For the following reasons, the Court will

grant Defendant's motion for summary judgment.

I. <u>SUMMARY OF FACTS</u>

Plaintiff sued in their individual and official capacities Green River Correctional

Complex (GRCC) Nurse Jane Doe and GRCC Corrections Officers John Doe[1] and Jack Reece.[2]

He claimed that on March 18, 2004, he was having "serious chest and arm pain and just barely

made it to the GRCC Medical Department."  He stated that he told Nurse Jane Doe that he had

suffered a stroke but that Nurse Doe told him he would have to sign up for "medical" and could

not just walk in.  According to Plaintiff, "Jane Doe ordered me to leave the medical department

and such orders were followed by John Do[e] and Jack Ree[ce] as they ordered me out of the

medical department."  Plaintiff alleged that as he was walking back to his dorm, he slumped over

and fell to his knees.  He stated that another nurse saw him and helped him back to the medical

---

[1] "Jane Doe" and "John Doe" have never been served.

[2] Plaintiff actually named "Jack Reed" as a defendant in the complaint.  However, upon
notification from GRCC that it did not have an employee named "Jack Reed" but that it did have
an employee named "Jack Reece," Plaintiff was given the opportunity to amend his complaint to
name Jack Reece (DN 13).  Plaintiff so amended his complaint (DNs 15 & 18).

department and that he was then "escorted to the hospital and thereafter transported [to] a Louisville Hospital" for a heart condition.  He states that he was hospitalized for about five days, transferred to Kentucky State Reformatory (KSR) for about one month, and then returned to GRCC, where "they will not allow [him] to file a grievance because the time has lapsed." Plaintiff alleged a due process violation under the Fourteenth Amendment and deliberate indifference to a serious medical need under the Eighth Amendment.  On initial review, the Court dismissed Plaintiff's Fourteenth Amendment claim and the official-capacity claims and allowed the Eighth Amendment, individual-capacity claims to proceed.

Defendant Reece filed an answer, asserting among other things that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) (DN 22).  Defendant then filed a motion for summary judgment based on Plaintiff's failure to exhaust (DN 24).  However, the Court dismissed that motion and gave Defendant additional time to file a new motion to include a discussion of *Jones v. Bock*, ___ U.S. ___ ,127 S. Ct. 910 (2007), decided by the Supreme Court after Defendant filed his motion for summary judgment (DN 37).

Defendant has now filed another motion for summary judgment (DN 49).  Defendant argues that he is entitled to summary judgment in his favor because Plaintiff failed to exhaust his administrative remedies as required by the PLRA.  Defendant asserts that, at the time that Plaintiff filed his lawsuit, the Department of Corrections had in place a grievance procedure and that Plaintiff has not shown that he had exhausted that procedure.  Defendant argues that at the pertinent times, a log was kept at GRCC which shows that Plaintiff did not attempt to file a grievance.  Attached to the motion for summary judgment is an affidavit from Shauna Nelson,

2

Grievance Coordinator at GRCC, who avers that she is the custodian of grievances at GRCC;
that GRCC maintained copies of all non-grievable grievances submitted in 2004-2005, as well as
a log of returned grievances (consisting of grievances sent back for various reasons, including
time limits); and that from March 18, 2004, until March 16, 2005, only one grievance was
received from Plaintiff and it had to do with requesting an extra mattress.  Additionally, versions
of the inmate grievance policies effective July 17, 2003, May 24, 2004, and January 4, 2005, are
attached.[3]

　　　Plaintiff has filed a response to the motion for summary judgment (DN 44).  Plaintiff
does not argue that he did file a grievance but instead asserts that as stated in his complaint he
made every attempt to exhaust his administrative remedies but was told by the Grievance Aide
that "'a grievance could not be filed because (5) five days had elapsed since the incident.'"
Plaintiff asserts that the Grievance Aide is the only avenue for an inmate wishing informal
resolution as outlined by the institution's policy under Correctional Policy and Procedure (CPP)
14.6, Sec. II (H)(2).[4]  Plaintiff further asserts that when a Grievance Aide refuses to file a
grievance the inmate has no other avenue to pursue and that in his case the Grievance Aide,
citing CPP 14.6, Sec. II (J)(1)(a)(2), which provides that a grievance about a specific incident
must be filed within five working days, refused to file a grievance for Plaintiff.  Plaintiff further

---

[3] Also attached is the affidavit of Stephanie R. Appel, Assistant Director for the Division
of Personnel Services of the Department of Corrections, who avers that personnel records show
that Jack Reece retired from employment at GRCC on July 31, 2005.

[4] In the grievance policy which became effective May 24, 2004, the Grievance Aide is
responsible for:  "a. assisting the inmate in the informal resolution process as outlined by
institutional procedure, b. counseling the inmate concerning the grievance process, c. assisting
the inmate in the preparation of grievance documents as needed, d. documenting in writing the
informal action taken to resolve the problem . . . ."

contends that he was unable to file a grievance within five working days because he was hospitalized for five days and then transferred to KSR for one month.  He states that when he returned to GRCC he attempted to file a grievance, to no avail.  He disputes Defendant's contention that he could have requested an extension of time when he returned to GRCC, arguing that under CPP 14.6, Sec. II (F),[5] an extension is applicable only if an inmate has filed more than five grievances in one work week and that that section is not intended for use for an inmate who has not yet filed a grievance.  Thus, Plaintiff contends that he has properly exhausted his administrative remedies since he could not file a grievance.

In reply, Defendant asserts that Plaintiff's allegation that a Grievance Aide refused to file a grievance is a new assertion and is not persuasive because it was not made in the complaint or any previous filings in this case.  Defendant also argues that Plaintiff is incorrect that the Grievance Aide is the only avenue for a grievant, stating that the grievance policy clearly states that the Grievance Coordinator supervises Grievance Aides and could have been contacted if a Grievance Aide refused to file his grievance.  In fact, Defendant argues, it is the Grievance Coordinator who makes the decision as to whether a grievance is to be filed or rejected. Defendant further states that the grievance policy and forms are available to all inmates; that Plaintiff could have completed a grievance form himself or summarized in a letter his allegations and sent it to a Grievance Coordinator; and that Plaintiff could have asked any inmate, including legal aids, for assistance.  Defendant asserts that the moratorium provision of the policy cited by

---

[5] That section, entitled "Extension Clause," mostly deals with the Grievance Coordinator's ability to call a moratorium on the time limits if too may grievances are filed but also contains the following provision:  "5. An inmate may request that his time limit be extended by the Grievance Coordinator for just cause."

4

Plaintiff has nothing to do with the provision allowing inmates to request an extension. Finally, Defendant contends that because Plaintiff's assertions in his response are not sworn the Court should not consider them.

In reply, Plaintiff states that his assertion that a Grievance Aide refused to file his grievance is not a new allegation because he stated in his complaint that once he was back at GRCC "'they will not allow me to file a grievance because the time had elapsed'" (DN 50). He points to the fact that the grievance policy states that the Grievance Aide is responsible for assisting the inmate with the informal resolution process. *See* CPP 14.6. Sec. II(H)(2)(a-c). He asserts that the Grievance Aide has authority to refuse to file a grievance when more than five working days have passed and nothing more needed to be done by Plaintiff but file his complaint, as he did. He also contends that the Federal Rules of Civil Procedure do not require every response or reply be a sworn affidavit.

## II. <u>ANALYSIS</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

5

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Celotex*, 477 U.S. at 323. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the non-moving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

Where the non-moving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Id*. at 323-24.

Prisoner civil rights cases are subject to the PLRA's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

6

exhausted."  42 U.S.C. § 1997e(a).  To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies."  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).  The Supreme Court held in *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006), that failure to "properly" exhaust bars suit in federal court.  "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 2386.

The Supreme Court recently provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910 (2007).  The Court struck down the Sixth Circuit's rule which placed the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense.  *Jones*, 127 S. Ct. at 921.  The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.* at 923.

The Kentucky Department of Corrections provides prisoners with a grievance procedure for bringing forward their concerns and complaints.  Defendant has attached copies of the inmate grievance procedure effective July 17, 2003, effective May 24, 2004, and effective January 4, 2005.[6]  Although each of those versions require that a grievance about a specific event be made

---

[6] Plaintiff filed his complaint on March 16, 2005.

within five working days after the incident, each also includes a provision that for just cause an inmate may request additional time from a Grievance Coordinator in which to file a grievance. Defendant has attached the affidavit of the Grievance Coordinator at GRCC who avers that records of grievances, including those deemed untimely, were kept during the pertinent time and that no grievance was filed by Plaintiff concerning the incident in question.  Plaintiff admits that he did not file a grievance or request an extension of time in which to file a grievance, and the Court finds that no grievance was filed and that no request for an extension was made.  The Court also finds that under the grievance policy Plaintiff could have requested an extension of time in which to file from the Grievance Coordinator.  The question is thus whether Plaintiff properly exhausted his administrative remedies because he was told by the Grievance Aide that he could not file a grievance outside the five-day period even though the grievance policy provides that an extension of time may be given by the Grievance Coordinator.  Plaintiff does not argue that he did not have a copy of the grievance policy.

First, the Court must consider whether Plaintiff has offered appropriate summary judgment proof that, in fact, he was told by a Grievance Aide that he could not file a grievance. Plaintiff's complaint (DN 1) is verified.  Statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment.  FED. R. CIV. P. 56(e) (affidavits opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).  Since Plaintiff's allegations were made with his personal knowledge, this

Court may consider them on Defendant's motion for summary judgment. *See Weberg*, 229 F.3d at 526 n.13. Plaintiff stated in his complaint that "they will not allow [him] to file a grievance because the time has lapsed," and the Court finds that, contrary to Defendant's assertion, Plaintiff's claim that he was refused permission to file a grievance is not a new assertion.

Although Plaintiff's complaint did not specify that he was not being allowed to file a grievance *by a Grievance Aide*, the Court accepts for purposes of consideration of the motion for summary judgment that it was a Grievance Aide who made that statement to Plaintiff.  Under applicable precedent, the Court finds that Plaintiff did not properly exhaust because he did not ask a Grievance Coordinator for an extension of time in which to file his grievance. In *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (per curiam), the Sixth Circuit affirmed the district court's dismissal for failure to exhaust even though the plaintiff alleged that he could not exhaust because when he asked his counselor for a grievance form the counselor told him to get out of his office. The Sixth Circuit noted that the plaintiff did not "allege that there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or to file a grievance without a form." *Jones*, 266 F.3d at 400. Plaintiff attempts to distinguish his case from *Jones* by the fact that he asked the Grievance Aide not only for a form but for assistance in the informal resolution process as outlined by the grievance policy and that the Grievance Aide is the only avenue for the informal resolution process.[7] *See* DN 44. However, the fact remains that the Grievance Policy clearly provided an avenue to request an extension of time for just cause through the Grievance Coordinator. *See* CPP 14.6, Sec. II(J)(7) (policy eff.

---

[7] Again, for purposes of this summary-judgment motion, the Court assumes that Plaintiff did ask a Grievance Aide for help in the informal resolution process.

9

July 17, 2003) ("An inmate may request that his time limit be extended by the coordinator for just cause."); CPP 14.6, Sec. II(F)(5) (policy eff. May 24, 2004) ("An inmate may request that his time limit be extended by the Grievance Coordinator for just cause."); CPP 14.6, Sec. II(F)(5) (policy eff. Jan. 4, 2005) (same); *see also* affidavit of Shauna Nelson attached as exhibit to DN 49 (stating: "The Grievance Coordinator supervises the grievance aides and can assist with problems, if an inmate lets this office know of a problem with a grievance aide."). Thus, the best case scenario for Plaintiff is that he thought he complied with the grievance procedure but in reality he misread the procedure to mean that the Grievance Aide's word was final on whether a grievance could be filed after five working days. This is not enough to properly exhaust since there obviously was another avenue to pursue, *i.e.*, asking the Grievance Counselor for an extension. *Jones*, 266 F.3d at 400; *see also Spaulding v. Oakland County Jail Med. Staff*, No. 4:07-CV-12727, 2007 WL 2336216, at *2 (E.D. Mich. Aug. 15, 2007) (district court held under *Jones* that where plaintiff stated in complaint that he never filed a grievance because he "'never could obtain one'" such fact did not excuse the exhaustion requirement because, as in *Jones*, plaintiff did not allege facts indicating that it was inconceivable or next to impossible for him to obtain a form or that he tried to comply with the grievance procedure despite not having a form).[8]

---

[8] This is not to suggest that proper exhaustion may never be found where an inmate fails to exhaust in reliance on a prison official's assertion or where he is thwarted by prison officials. However, this case is distinguishable from decisions where such was the case. For example, in *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999), an inmate was told in writing that there was no appeal for the denial of his grievance, suggesting that appealing might be treated as insubordination. This case also is distinguishable from *Baldauf v. Garoutte*, 137 Fed. Appx. 137, 142 (10th Cir. 2005), in which the Tenth Circuit held that the plaintiff had raised an inference that he was prevented from using the grievance procedure because he was denied grievance forms and his handwritten grievances, which he submitted because he did not have a

### III.  <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, Defendant Jack Reece is entitled to judgment as a matter of law.  Accordingly, **IT IS HEREBY ORDERED** that Defendant Jack Reese's motion for summary judgment (DN 40) is **GRANTED** and that the action is dismissed without prejudice for failure to exhaust.

Date:

cc:      Plaintiff, *pro se*
         Counsel of Record
4414.009

---

form, were not processed by the defendants.